```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ceron Montrell Reed

   v.                                              Case No. 17-cv-103-PB

Robert Hazlewood, Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Ceron Montrell Reed, who was an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin") when he filed this action, has petitioned this court for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241. Before the court is the respondent FCI-Berlin Warden's motion to dismiss (Doc. No. 10) for lack of jurisdiction. Reed objects to the motion to dismiss. See Doc. No. 15.

## Background

A summary of the facts and procedural history underlying the § 2241 petition is provided in a September 15, 2015 Order issued in Reed's federal criminal case in the Western District of North Carolina. Reed attached that Order as an exhibit to the petition here, and it is also available on LEXIS and Westlaw. See Doc. No. 1, at 17-24; see also Reed v. United States, Nos. 3:12-cv-377 ("§ 2255 Order"), 2015 WL 5431045, 2015 U.S. Dist. LEXIS 122683 (W.D.N.C. Sept. 15, 2015)). Summarized

below are facts pertinent to the § 2241 petition before this court.

Reed was indicted in the Western District of North Carolina in December 2005 for carjacking and aiding/abetting, in violation of 18 U.S.C. §§ 2, 2119 (Count One); using, carrying, brandishing, and discharging a firearm during and in relation to that crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (Count Two); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). § 2255 Order, 2015 WL 5431045, at *1, 2015 U.S. Dist. LEXIS 122683, at *1-*2. Reed pleaded guilty to those charges in June 2006. See id., 2015 WL 5431045, at *1, 2015 U.S. Dist. LEXIS 122683, at *2; see also June 1, 2006 Entry & Acceptance of Guilty Plea, United States v. Reed, No. 3:05-cr-419-RJC-DCK (W.D.N.C.) ("Criminal Case") (ECF No. 29).

Reed's Presentence Report identified two prior North Carolina drug offense convictions in Reed's criminal history, one that had resulted in Reed receiving an eight to ten month sentence, and the other that resulted in Reed receiving a sentence of ten to thirteen months. See § 2255 Order, 2015 WL 5431045, at *1 & n.3, 2015 U.S. Dist. LEXIS 122683, at *2 & n.3. Both of those prior convictions were deemed to be predicate controlled substance offenses for purposes of qualifying Reed

for career offender designation under the advisory United States Sentencing Guidelines ("Guidelines"), U.S.S.G. § 4B1.1.[1]  See § 2255 Order, 2015 WL 5431045, at *1, 2015 U.S. Dist. LEXIS 122683, at *2.  Reed was sentenced in 2006 to an aggregate term of 262 months, consisting of a total of 142 months as a career offender on Counts One and Three, and a consecutive 120 months on Count Two.  See United States v. Reed, 239 F. App'x 808, 808 (4th Cir. 2007) ("Reed"); see also § 2255 Motion, 2015 WL 5431045, at *1 n.2, 2015 U.S. Dist. LEXIS 122683, at *2 n.2.  The sentencing court later described Reed's sentence as being in the "low end of the advisory guideline range," under U.S.S.G. § 4B1.1(c)(3).  § 2255 Order, 2015 WL 5431045, at *1, 2015 U.S. Dist. LEXIS 122683, at *2 (footnote omitted).  Reed unsuccessfully appealed his conviction and sentence to the Fourth Circuit.  See Reed, 239 F. App'x at 808-09.

Four years later, in June 2012, Reed filed a motion in his criminal case under 28 U.S.C. § 2255, arguing, in pertinent part, that one of his prior state convictions, for which he had been sentenced to a term of eight to ten months, no longer

---

[1] U.S.S.G. § 4B1.1(a) provides, in pertinent part, that a defendant is a "career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  Id.  A "controlled substance offense" is a drug offense "under federal or state law, punishable by imprisonment for a term exceeding one year."  Id. § 4B1.2(b).

qualified as a felony controlled substances conviction, and thus could not serve as one of the two requisite prior convictions for a career offender designation, in light of a change in Fourth Circuit law effected by United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which post-dated Reed's conviction. See Simmons, 649 F.3d at 248-49 (where sentences imposed for prior North Carolina convictions were less than one year, those convictions could not be counted as predicate felony drug convictions under the Controlled Substances Act's ten-year mandatory minimum sentence requirement, 21 U.S.C. § 841(b)(1)(B)(vii)). Because Reed had not faced a sentence of more than ten months on one of the prior state convictions, Reed argued that he was actually innocent of being a career offender under the advisory Guidelines. See Feb. 7, 2013 Supp. Mot. to Vacate, Reed v. United States, No. 3:12-cv-00377-RJC (W.D.N.C.) (ECF No. 5).

In denying Reed's § 2255 motion and rejecting his Simmons claim, the Western District of North Carolina made two independently dispositive findings: (1) the § 2255 motion was untimely, and (2) collateral relief under § 2255 could not be premised on a Simmons error. See § 2255 Order, 2015 WL 5431045, at *2 & n.5, 2015 U.S. Dist. LEXIS 122683, at *2-*3 & n.5 (citing, inter alia, United States v. Foote, 784 F.3d 931 (4th

4

Cir. 2015) (Simmons challenge to career offender designation was not cognizable in § 2255 motion, where none of petitioner's convictions had been vacated, he had been sentenced under advisory Guidelines, and his sentence fell within permissible statutory range); Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc) (statute of limitations)).  Reed thereafter filed the instant § 2241 petition, again asserting a Simmons claim and arguing that he is actually innocent of being a career offender under the advisory Guidelines.

## Discussion

### I. Savings Clause Jurisdiction

Pursuant to 28 U.S.C. § 2255, the court where the federal prosecution occurred generally has exclusive jurisdiction over a federal inmate's post-conviction motions challenging the validity of his or her federal conviction or sentence.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate is in prison to consider a § 2241 petition challenging the validity of his or her detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  Reed filed his § 2241 petition in the District of New Hampshire while he was an FCI-Berlin inmate, seeking to invoke this court's "savings clause" jurisdiction under 28 U.S.C. § 2255(e).

> The savings clause provides, in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

"[P]ost-conviction relief can be termed 'inadequate' or 'ineffective'" for purposes of invoking the savings clause, "only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant <u>any</u> opportunity for judicial rectification.'" <u>Trenkler v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008) (emphasis in original) (citation omitted). The jurisdictional inquiry into § 2255's "adequacy and effectiveness must be judged ex ante." <u>Id.</u> Savings clause jurisdiction is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty under the narrowed statute. See <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 16 n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to be filed after <u>Bailey v. United States</u>, 516 U.S. 137 (1995), narrowed the definition of "use" of firearm in 18 U.S.C. § 924(c)(1)).

6

## II. <u>Guidelines Career Offender Claim</u>

The respondent Warden moves to dismiss Reed's petition challenging the career offender designation in his case on the basis that this court lacks savings clause jurisdiction. The government's argument is that Reed has not demonstrated any "manifest injustice" in his case, given that his advisory Guidelines sentence falls below the statutory maximum for his federal conviction. Reed maintains that he is innocent of being a career offender, and argues that his sentence is fundamentally unfair. He contends that it is based on a misapplication of the career offender provision in his case, and that the misapplication of § 4B1.1 improperly raised his criminal history score, effectively elevating the starting point for the district court's exercise of sentencing discretion in his case.

Even if this court were to conclude that <u>Simmons</u> is new binding precedent that changed the law in the Fourth Circuit as to whether Reed's North Carolina conviction could qualify as a predicate controlled substance conviction under the advisory Guidelines, Reed's claim challenging his career offender designation is not the proper subject of this court's exercise of savings clause jurisdiction. Savings clause jurisdiction may arise in "rare and exceptional circumstances," where § 2255 relief is unavailable because of that statute's gatekeeping

7

provisions, although such circumstances are generally limited to cases involving "a credible allegation of actual innocence," Trenkler, 536 F.3d at 99 (citation omitted). Actual innocence in that context means factual innocence, not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623 (1998); United States v. Olano, 507 U.S. 725, 736 (1993) (in "collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent").

Reed does not challenge the validity of his two prior drug offense convictions, and he does not assert his factual innocence of the underlying state convictions. Nor does he assert that his federal sentence exceeded the statutory maximum. Reed's claim here is that, as a matter of law, one of his prior convictions can no longer be counted as a predicate controlled substances conviction for purposes of the advisory Guidelines, in light of Simmons. That claim is properly characterized as a misapplication of the Guidelines claim, namely, that the court that sentenced him erred as a matter of law in applying the Guidelines to undisputed underlying facts, by designating Reed as a "career offender" based on a conviction for an offense that the court erroneously held was a controlled substance offense. See Cuevas v. United States, 778 F.3d 267, 270-71 (1st Cir. 2015) (distinguishing such "misapplication of the advisory

8

guidelines" claims from other claims that may provide cognizable bases for collateral relief under § 2255, where underlying state convictions have been invalidated).  Reed's claim challenges the legal insufficiency of the career offender designation in his case, and is not a claim of factual innocence.  As Reed's sentence did not exceed the statutory maximum for the offense at issue, and he has neither demonstrated that any underlying conviction has been invalidated, cf. Cuevas, 778 F.3d at 271-72, nor demonstrated his factual innocence of the convictions that were counted as predicates, Reed's claims do not provide a basis for finding a miscarriage of justice sufficient to invoke the savings clause.  Accordingly, the district judge should dismiss Reed's petition.

## Conclusion

For the foregoing reasons, the district judge should grant the respondent's motion to dismiss (Doc. No. 10).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 6, 2018

cc: Ceron Montrell Reed, pro se
    Seth R. Aframe, Esq.